## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| JAMES RESPESS, Individually and <br> as Personal Representative of the Estate of <br> PATRICIA RESPESS | * <br> * <br> * <br> * |
| **Plaintiffs** | * <br> * |
| vs. | * <br> *Case No. 1:10-cv-02937-CCB |
| TRAVELERS CASUALTY & SURETY <br> COMPANY OF AMERICA | * <br> * <br> * <br> * |
| and | * <br> * |
| THE TRAVELERS INDEMNITY COMPANY <br> OF AMERICA | * <br> * <br> * |
| **Defendants** | |

---

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

COMES NOW the Plaintiff, James Respess, Individually and as Personal

Representative of the Estate of Patricia Respess by and through their attorneys, Shireen

Jayatilaka, and Michael J. Winkelman, McCarthy & Winkelman, L.L.P., and hereby files this

Opposition to Defendants' Motion to Dismiss and in support thereof states as follows:

1.      That the Defendants seek to have this matter dismissed largely through the

argument of factual determinations.

2.      That factual determinations are never appropriate for motions to dismiss.

3.      That the Defendants have denied the Plaintiffs an opportunity to be

compensated for their egregious conduct.

McCARTHY <br> & <br> WINKELMAN <br> L.L.P. <br> ONE TOWN CENTER <br> 4201 NORTHVIEW DRIVE <br> SUITE 410 <br> BOWIE, MD 20716 <br> PHONE 301-262-7422 <br> FAX 301-262-0562

4.     That the Plaintiffs have properly filed this action in Court and should finally be given their opportunity to be heard on their claims.

5.     That for the reasons to follow in the attached Memorandum, a Motion to Dismiss Judgment is not appropriate in this case.

6.     That if the Court deems the Plaintiff's Complaint insufficient in factual allegations, that in the alternative, this Honorable Court will permit the Plaintiffs additional time to file an Amended Complaint.

**WHEREFORE,** the Court's attention is directed to the attached Memorandum of Points and Authorities.

McCARTHY & WINKELMAN, L.L.P.


By:     _____/s/_____
        Shireen Jayatilaka, Bar No.: 17349
        Michael J. Winkelman, Bar No.: 13815
        One Town Center
        4201 Northview Drive, Suite 410
        Bowie, Maryland   20716-2668
        (301) 262-7422
        Attorney for Plaintiff

McCARTHY
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

- 2 -

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of November 2010, a copy of the foregoing Plaintiffs' Opposition to Defendants' Motion to was served via e-filed to:

Neil J. Dilloff, Esquire
Michael P. O'Day, Esquire
6225 Smith Avenue
Baltimore, MD 21209

<u>/s/</u>
Shireen Jayatilaka

McCARTHY
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| JAMES RESPESS, Individually and | * |
| as Personal Representative of the Estate of | * |
| PATRICIA RESPESS | * |
| | * |
| **Plaintiffs** | * |
| | * |
| vs. | * |
| | *Case No. 1:10-cv-02937-CCB |
| TRAVELERS CASUALTY & SURETY | * |
| COMPANY OF AMERICA | * |
| | * |
| | * |
| and | * |
| | * |
| THE TRAVELERS INDEMNITY COMPANY | * |
| OF AMERICA | * |
| | * |
| **Defendants** | |

---

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

### A.    FACTUAL BACKGROUND

This action arises out of the suicide of Patricia Respess on or about May 5, 2008, when Ms. Respess took an overdose of her blood pressure medication.  Mrs. Respess fell into a coma and eventually died on May 9, 2008.

By way of background information,[1] Ms. Respess was an employee of the National Medical Care, Inc. and while working for her employer, was physically and sexually

McCARTHY
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

---

[1] All of the following facts have been pleaded specifically in Plaintiff's Complaint.

assaulted. As a result of this assault, Ms. Respess suffered from a number of psychiatric conditions, including but not limited to post traumatic stress disorder, major depressive disorder with severe and recurrent psychotic symptoms, conversion disorder, dissociative identity disorder and personality disorder.

Ms. Respess began receiving psychiatric treatment for these conditions in approximately 1999 to 2000. Between the time Ms. Respess' psychiatric treatment began and May 9, 2008, when Ms. Respess died, she received treatment for her psychiatric condition, approved and paid for by the Defendants pursuant to a worker's compensation claim. Ms. Respess had been in and out of remission with regards to her psychiatric condition between the relevant years.

On or about January 2, 2008, Ms. Respess was admitted into the Mental Health Facility at Peninsula Regional Medical Center for depression, anxiety and flashbacks. After some period of treatment, it was determined that she would be transferred to the Trauma Disorders Program at Sheppard Pratt, an in-patient program, which she was, on or about January 23, 2008.

Ms. Respess continued treatment at Sheppard Pratt until her discharge on April 25, 2008. However, during her last month of treatment, that being April 2008, Ms. Respess continued to express anxiety and agitation when she spoke of her pending discharge and continued to experience flashbacks. She expressed fear of her impending discharge, scheduled for April 25, 2008 and expressed her suicide ideation to her physicians and counselors.

McCARTHY
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

On or about April 11, 2008, two weeks before her discharge, Ms. Respess expressed difficulty finding a "treatment team" near her home on the Eastern Shore and continued to express some suicide ideation.

On April 21, 2008, Ms. Respess continued to be in a depressed mood and advised her physicians and counselors that she was discouraged because she did not feel that any outpatient medical providers would give her the care that she needed.

On or about April 25, 2008, Patricia Respess was discharged home. Approximately, two weeks prior to Ms. Respess' discharge, James Respess expressed his concerns to the counselors at Sheppard Pratt, requesting several times that his wife be placed in a step-down facility instead of discharging her to her home without any supervision. This was not done.

After Ms. Respess' discharge a registered nurse, Rebecca Rementer[2], a home health care nurse visited Ms. Respess to determine her progress since her discharge 5 days earlier. Upon examination, Ms. Rementer determined that Ms. Respess had fallen several times since discharge, that she continued to have paranoid hallucinations and had suicidal thoughts. Ms. Rementer discovered through a medical history that Ms. Respess' prior attempts at suicide were "over dose" attempts and that Ms. Respess had reported that two nights prior that she had taken "double" her medications "accidentally". Ms. Rementer determined that Ms. Respess was practicing unsafe medication management, that Ms. Respess was anxious all the time, that she was depressed, that she had recurrent thoughts of suicide and most importantly, determined that Ms. Respess needed 24-hour supervision and urgent in nature. Ms. Rementer

McCARTHY
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

---

[2] Ms. Rementer was a home health care nurse provided and paid for by the Defendants.

further noted in her medical report that if psychiatric assistance was not given or approved, that Ms. Respess would further decline and that her prognosis was poor.

As a result of Ms. Rementer's home visit, Ms. Rementer called the Defendants and expressed the urgent need for 24-hour care and supervision, expressing to the Defendants that Ms. Respess had serious thoughts of suicide ideation, in addition to hallucinating.  **However the Defendants refused to authorized the needed treatment.**[3]

Ms. Rementer then requested the assistance of Martin Book, M.D., a psychiatrist that had treated Ms. Respess in the past.[4]  Dr. Book called the Defendants and requested immediate 24-hour supervised care based on his conversation with the home health care nurse.  **Again, Defendants refused to approve any treatment, even though Defendants were aware of Ms. Respess long history of psychiatric treatment and condition and were aware that Ms. Respess' psychiatric condition had declined since her discharge from Sheppard Pratt 5 days earlier.**

After Ms. Rementer's visit, Ms. Respess continued to decline.  On or about May 4, 2008, Mr. Respess wrote a letter to Sheppard Pratt expressing his concerns over Ms. Respess' declining health and further requested a residential setting with 24-hour supervision.[5]

Defendants, were also fully aware of Ms. Respess' declining health, but refused to

---

[3] It is important to note that Defendant's refusal to authorize treatment was noted specifically in Ms. Rementer's medical report.

[4] Dr. Book was not her current treating physician at the time of this incident.

[5] Plaintiff believe that Defendants were aware of Mr. Respess' concerns and in fact received a copy of the letter via Sheppard Pratt.

McCarthy
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

approve 24-hour supervised care and in fact stated that they did not believe that Ms. Respess suffered from PTSD as diagnosed by her psychiatrist.

The Defendants have sought to have this matter dismissed largely through the argument of factual determinations, and factual determinations are never appropriate for motions to dismiss. Further, Defendants have denied the Plaintiffs an opportunity to be compensated for their egregious conduct. The Plaintiffs has properly filed this action in Court and should finally be given their opportunity to be heard on her claims. For the reasons to follow, Defendant's Motion to Dismiss is not appropriate in this case.

**B.    STANDARD OF REVIEW**

The purpose of a Rule 12(b)(6) Motion is to test the sufficiency of a Complaint; importantly, a Rule 12(b)(6) Motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (1999) citing *Republican Party v. Martin,* 980 F.2d 94, 952 (4TH Cir. 1992). Accordingly, a Rule 12(b)(6) Motion should only be granted if after accepting all well pleaded applications in the plaintiff's Complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. *Id.*

It is well settled that a Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). In this regard, a Court must construe pleadings liberally, and mere vagueness or lack of detail does

McCARTHY
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

not constitute sufficient grounds for a Motion to Dismiss. *J. Moore & J. Lucas,* 2A Moores Federal Practice, Paragraph 12.08 at 2285 (1984).

Much of the argument advanced by the Defendants in their Motion call for factual determinations to be made by this Court. Factual determinations are not appropriate in the Motion to Dismiss. In addition, this Defendants advances many arguments which would be suggestive of a heightened pleadings standard which has not been adopted by the Circuit or Federal Courts in general. The Plaintiffs have pled facts sufficient to survive a Motion to Dismiss and should be allowed to go forward with this action.

## C.   ARGUMENT

> I.   **Plaintiff Has Pled Factual Allegations to State a Claim for Intentional Infliction of Emotional Distress and the Remedies Available to the Plaintiff Are Not Exclusive Pursuant to the Worker's Compensation Act as Claimed by the Defendant**

Federal Rule of Civil Procedure 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the...claim is". *Erickson v. Pardus* 127 S.Ct. 2197, 2200 (2007). Plaintiff need only to "nudge their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'". *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly* at 1955). Further in order to satisfy this context-specific test, one is not required to plead detailed factual allegations. *Id.* at 1949-50.

In this instant action, Plaintiffs pleaded three separate causes of action, the first being

McCarthy
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

intentional infliction of emotional distress. The four elements of this tort are "(1) The conduct must be intentional or reckless; (2) The conduct must be extreme and outrageous; (3) There must be a causal connection between the wrongful conduct and the emotional distress; (4) The emotional distress must be severe." *Harris v. Jones,* 281 Md. 560, 566, 380 A.2d 611, 614 (1977). Plaintiffs have pleaded all the four elements. (See Plaintiff's Complaint paragraphs 36 through 43). However, Plaintiffs have also alleged the essential factual allegations which laid out a prima facie case against the Defendants for intentional infliction of emotional distress.

In *Young v. Hartford Accident and Indemnity Co.*, 303 Md. 182, 492 A.2d 1270 (1985), a case which involved the issues of the exclusivity of the worker's compensation remedy as a defense and the intentional tort of infliction of emotional distress against a worker's compensation insurer, the Court not only agreed with the Plaintiff and allowed the alleged tort of intentional infliction of emotional distress to be heard, but additionally, stated that the Defendant, an insurer, did **not** enjoy the exclusivity defense under the Act.

### (Claim for Intentional Infliction of Emotional Distress)

In *Young*, a case eerily similar to this instant case, Plaintiff was an employee of a nursing home when she was assaulted at work. Plaintiff claimed that she suffered not only physical injuries but emotional injuries. *Id.* at 185, 492 A.2d at 1272.

After the assault, Young's attorney requested the worker's compensation carrier to authorize treatment with Ms. Young's physician, who had been treating her for emotional injuries. Hartford refused without having Ms. Young seen by one of their physicians or

McCarthy
&
Winkelman
L.L.P.
One Town Center
4201 Northview Drive
Suite 410
Bowie, MD 20716
Phone 301-262-7422
Fax 301-262-0562

having any medical records reviewed to determine whether a causal connection existed or not. *Id.* at 187, 492 A.2d at 1272.

At some point, Ms. Young was evaluated by a Hartford psychiatrist that advised the insurer that Ms. Young should continue treatment. After a hearing, in which the Commission entered an order allowing treatment, Ms. Young's treating psychiatrist advised Hartford that Ms. Young had attempted suicide. He further advised Hartford that any pressure for another outside evaluation would only place even more pressure and it would lead to collapse. *Id.* at 187–88, 492 A.2d at 1273. Hartford insisted on another evaluation and in fact refused to pay for additional treatment unless Ms. Young submitted to another examination. *Id.* at 188, 492 A.2d at 1273.

Sometime in September of 1979, Ms. Young spoke to a Hartford adjuster and "who tells Young that she is 'crazy and if it was up to me you would not get a penny.'" *Id.* Four days later, Ms. Young attempted suicide.

In Young's complaint, she alleged that Hartford had attempted to reduce their monetary damages by getting Young to commit suicide; that the sole purpose of the second examination was to harass her into abandoning her claim; and that Hartford's conduct was intended to inflict emotional distress so that she would drop her claim or commit suicide. *Id.* at 188-89, 492 A.2d at 1273. In oral argument, Young's counsel stated that the gist of the claim did "not arise out of the failure to pay compensation benefits but arises out of the injury she sustained as a result of the insistence of the insurance company that she be examined again". *Id.* at 189, 492 A.2d at 1273.

McCARTHY
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

The Court acknowledged that Young charged Hartford with intentional conduct because her physician had warned Hartford that Young was under emotional distress and any further insistence to be examined for a second time would push her over the edge, but Hartford proceeded nevertheless. *Id.* at 197, 492 A.2d at 1277. In addition, plaintiff's complaint also alleged that the second examination was requested to harass Young into abandoning her claim or committing suicide and that this additional allegation "escalate[d] the level of intentional conduct". *Id.*

The Court agreeing with the plaintiff, stated that Young's "count II does state a cause of action of intentional infliction of emotional distress. If Young proves that 'the sole purpose of Doctor Henderson's examination was to harass the Plaintiff into abandoning her claim, or into committing suicide' a jury could find that that proof meets all of the elements of the tort as set for in *Harris*". *Id.* at 198-99, 492 A.2d at 1278. The Court further stated that if the sole purpose for the second examination was to purely harass Young, then Hartford's request for the second examination did not have any proper medical or claims evaluation motive and that "Hartford would not have been exercising its legal rights in a permissible way." *Id.* at 199, 492 A.2d at 1278.

In this instant case, Defendants were aware that Plaintiff had been suffering from the many psychiatric conditions. However, Plaintiff's Complaint did not allege that Defendants withheld benefits, Plaintiff's allegations, just like in the *Young* case, were that Ms. Respess' suicide arose out of the insistence of the insurer that Ms. Respess did not suffer from PTSD; the insistence of the insurer that Ms. Respess did not require 24 hour supervision to treat her

McCarthy
&
Winkelman
L.L.P.
One Town Center
4201 Northview Drive
Suite 410
Bowie, MD 20716
Phone 301-262-7422
Fax 301-262-0562

suicide ideations even after being warned of her propensity to commit suicide by a nurse hired by the Defendants and by an experienced psychiatrist, and both of these "ignorant refusals" working in concert pushed Ms. Respess over the edge causing her to commit suicide.

Plaintiff factually allege that Ms. Respess was evaluated five days after her discharge from Sheppard Pratt. That Defendants were notified that Ms. Respess was in urgent need for 24-hour care and supervision, and that she had serious thoughts of suicide ideation. However, even though Defendants could have prevented Ms. Respess suicide, they refused to do so, and Defendants refused to do so knowing that their refusal would cause her to commit suicide, which she did.

Here, just as in *Young,* if Plaintiff proofs at trial that Defendant's purpose was to ignore Ms. Remeter's and Dr. Book's warnings that Plaintiff would commit suicide if she did not have the 24 hour supervision, so that she would commit suicide, a jury could find that the proof meets all the requirements of the elements as stated in *Harris*.

Defendants argued in their motion that Defendant's alleged conduct was neither extreme nor outrageous, in addition to the fact that Defendant's refusal did not rise to a level for an intentional tort. Again, whether Defendant's actions rose to a level of intention or not, is a question of fact for the jury to resolve. Plaintiff's complaint and the factual allegations in the complaint are enough to nudge Plaintiff's claim of intentional infliction of emotional distress over the line from conceivable to plausible.

Plaintiff also alleged that but for Defendant's actions, or rather lack of action, Plaintiff committed suicide. This was evidenced by Plaintiff's allegation that Ms. Respess left a

McCARTHY
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

suicide note indicating that she could not longer fight with the Defendant in getting the treatment that she needed and for that reason, she was taking her life. (See Plaintiff's Complaint, paragraph 34). Again, if Plaintiff proves this at trial, a jury could believe that Defendant's actions were proximately related to the emotional distress which eventually lead to Ms. Respess' suicide, satisfying the second, third and fourth prong of the intentional emotional distress claim.

(Defendants Do Not Enjoy the Exclusivity Defense<br>Under the Worker's Compensation Act)

With regard to the second issue of exclusivity under the worker's compensation Act, the Court in *Young* stated that where an "employer intentionally inflicts work-related injuries on the employee, the **employee may hold the employer liable for tort damages** as provided in § 44 of the Act." *Id.* at 200, 492 A.2d at 1279. Therefore, "[w]e hold that at least one way in which an insurer can become liable for damages for an intentional tort committed on a claimant is if the injury to the claimant results from deliberate intention of the insurer to produce such injury." *Id.*

The Court stated that "Young's count II pleads a claim which satisfies the analogy to § 44. The allegation that Hartford intended, by insisting on the examination, to cause Young to commit suicide if she did not drop her claim, states a deliberate intention to produce the injury sued for. The standard from § 44 coincides with the intent prong of the first element of the tort of intentional infliction of emotional distress". *Id.*

The Court specifically rejected Hartford's reasoning, in which Hartford argued that the exclusivity defense was available to an insurer under *Flood v. Merchants Mutual Ins. Co.*, 230

McCARTHY<br>&<br>WINKELMAN<br>L.L.P.<br>ONE TOWN CENTER<br>4201 NORTHVIEW DRIVE<br>SUITE 410<br>BOWIE, MD 20716<br>PHONE 301-262-7422<br>FAX 301-262-0562

Md. 373, 187 A.2d 320 (1963). *Id.* at 201, 492 A.2d at 1279. In rejecting Hartford's argument, the Court stated that the worker's compensation act did not give an "unlimited scope to the exclusivity defense, insofar as insurers are concerned". *Id.* Because, if Hartford's reasoning was to be followed and an insurer cannot be sued for an intentional act, "then the Act creates greater protection for insurers than employers because employers may be liable in tort for work-related injuries produced by their deliberate intention, but insurer would not be liable in tort for similarly produced injuries beyond worker's compensation benefits. This is a disparity of treatment which the General Assembly could not have intended." *Id.*

Just as the defendant in *Young* argued, Defendants also argued that they too enjoy the exclusivity defense as noted in the Act. It is clear from the *Young* case, that the Defendants are not protected and may be found liable for injuries produced by their deliberate intention.

## II. Plaintiff Has Alleged Sufficient Facts to State a Claim for Gross Negligence

Generally, a party is not negligent for the wrongful death of another who commits suicide, however, pursuant to "*Restatement (Second) Torts section 455*...if a negligent party causes another person to be insane, the negligent party may be liable for suicide...if..the person engaged in the conduct because of an irresistible impulse which prevented reason from controlling the person's action. *Sindler v. Litman*, 166 Md. App. 90, 887 A.2d 97 (2005). Further, "a wrongdoer is guilty of gross negligence or acts wantonly and willfully only when he inflicts injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist." *Romanesk v. Rose*, 248 Md. 420, 423 237 A.2d 12 (1968).

There are two category of cases where a party may be liable for a suicide of another.

McCarthy
&
Winkelman
L.L.P.
One Town Center
4201 Northview Drive
Suite 410
Bowie, MD 20716
Phone 301-262-7422
Fax 301-262-0562

*Eisel v. Bd. of Ed. of Montgomery County*, 324 Md. 376, 381, 597 A.2d 447 (1991). One being where a party's conduct actually causes the suicide, and the other is where there is some sort of special relationship where a party breaches a duty to prevent a foreseeable suicide. *Id.* This instant case falls in the first category.

Maryland follows the Restatement approach, where the general principles of proximate cause is followed in these types of cases. *Supra, Sindler* at 110, 887 A.2d at 113. Proximate cause is satisfied if the negligence claimed is a cause in fact of the injury and a legally cognizable cause. *Id.* Maryland courts have employed two different tests to determine whether "cause in fact exists: the 'but for' test and the 'substantial factor test'." *Id.* As the name itself implies, the "'but for' test applies when the injury would not have occurred in the absence of the defendant's negligent act". *Id.*

In this instant case, Plaintiff has claimed that Defendant knew of Ms. Respess' propensity to commit suicide, by the fact that their own health nurse, Ms. Rementer telephoned the Defendant and advised that Ms. Respess had serious suicide ideation and needed to be hospitalized as soon as possible and requested authorization. Defendant had a duty to employ reasonable measures in the managing the medical and psychiatric treatment of Patricia Respess pursuant to the worker's compensation claim. Instead, Defendant knowing that Ms. Respess would commit suicide, refused treatment to Ms. Respess.[6] Therefore, as claimed by the Plaintiff, "but for" Defendant's conduct, which was willful, wanton, extraordinary, outrageous and in utter disregard of Plaintiff Patricia Respess' life, Ms. Respess

McCARTHY
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

---

[6] Defendant was under a order from the Commission to provide psychological treatment to Ms. Respess.

would not have committed suicide in the manner that she did.

Defendant also argued in their motion that there was no duty which flowed from the Defendant to Ms. Respess and further claimed that they only "paid for treatment; they are not responsible for the medical decisions made by decedent's doctor." (See Defendant's Motion to Dismiss page 14). What is interesting about Defendant's bold statement is the fact that it was the nurse, a medical professional **hired by the Defendant** who called the Defendants advising of Ms. Respess' impending suicide because of her many suicide ideations and when faced with these facts, Defendants still refused to authorize such treatment when ordered to do so by the Commission. How difficult could have the decision been to give the treatment that Ms. Respess needed?

*Section 435 of the Restatement (Second) Torts* states that "if the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the matter in which it occurred does not prevent him from being liable". *Id* at 111, 887 A.2d at 115.

Plaintiff understands that in order to prove the count of gross negligence and sustain the wrongful death action against the Defendants, Plaintiff "must prove that the defendant's action...resulted in the decedent's having an uncontrollable impulse to commit suicide, 'in the sense that the decedent could not have decided against and refrained from killing [herself], and because of such uncontrollable impulse, the decedent committed suicide." *District of Columbia v. Peters*, 527 A.2d 1269, 1276 (1987) (quoting *Orcutt v. Spokane County*, 364 P.2d 1102, 1105 (Wash, 1961).

McCARTHY
&
WINKELMAN
L.L.P.
One Town Center
4201 Northview Drive
Suite 410
Bowie, MD 20716
Phone 301-262-7422
Fax 301-262-0562

In this instant case, Plaintiff will prove that Defendant's willful, wanton and deliberate actions did in fact cause Ms. Respess' uncontrollable impulse to commit suicide after many years of fighting Defendant for proper treatment. This last refusal was the classic "straw that broke the camel's back". This will be proven through expert testimony and Ms. Respess' last words in her suicide note, which was Ms. Respess' dying declaration, which clearly stated the reasons for her suicide.

**D.      CONCLUSION**

WHEREFORE, for the reasons stated herein, Plaintiffs respectfully request that the Defendant's Motion be denied.

However, if the Court deems the Plaintiff's Complaint insufficient in factual allegations, that in the alternative, this Honorable Court will permit the Plaintiff additional time to file an Amended Complaint.

McCARTHY & WINKELMAN, L.L.P.

By:      _____/s/_____

Shireen Jayatilaka, Bar No.: 17349
Michael J. Winkelman, Bar No.: 13815
One Town Center
4201 Northview Drive, Suite 410
Bowie, Maryland   20716-2668
(301) 262-7422
Attorney for Plaintiff

McCARTHY
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

- 18 -

JAMES RESPESS, Individually and      *
as Personal Representative of the Estate of      *
PATRICIA RESPESS      *
     *
     **Plaintiffs**      *
     *
**vs.**      *
     *Case No. 1:10-cv-02937-CCB
TRAVELERS CASUALTY & SURETY      *
COMPANY OF AMERICA      *
     *
     *
**and**      *
     *
THE TRAVELERS INDEMNITY COMPANY      *
OF AMERICA      *
     *
     **Defendants**

---

## ORDER

     Upon consideration of the Defendant's Motion to Dismiss, and Plaintiff's Opposition, it is this _____ day of _____, 2010, by the United States District Court for the District of Maryland;

     **ORDERED,** that Defendant's Motion to Dismiss be, and hereby is **DENIED**.


_____
JUDGE, United States District Court
   for the District of Maryland

McCARTHY
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

- 19 -

COPIES TO:

Neil J. Dilloff, Esquire
Michael P. O'Day, Esquire
6225 Smith Avenue
Baltimore, MD 21209

Michael J. Winkelman, Esquire
Shireen Jayatilaka, Esquire
One Town Center
4201 Northview Drive, Suite 410
Bowie, Maryland   20716-2668

McCARTHY
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562