IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

James Respess,
*Individually and as Personal Representative of the Estate of Patricia Respess*,

    *Plaintiff*,

v.

Travelers Casualty & Surety Co., *et al.*

    *Defendants.*

Civil Action No.: ELH-10-2937

**MEMORANDUM OPINION**

James Respess, plaintiff, has filed an Opposition (ECF 19) to his attorney's "Motion to Withdraw Appearance of Counsel" ("Motion") (ECF 17). The Court had already granted the Motion, by Order dated March 29, 2011 (ECF 18).

The underlying facts of this case are presented in detail in the Court's Amended Memorandum Opinion (ECF 14), and will not be repeated here. Suffice it to say that plaintiff, James Respess, asserted claims of intentional infliction of emotional distress, gross negligence, and wrongful death against the defendants, two insurance companies, arising out of the suicide of his wife, Patricia Respess, who died on May 9, 2008, as a result of an overdose of medication.

The defendants were the providers of workers' compensation benefits for Ms. Respess's former employer. Ms. Respess had been receiving psychiatric care, paid under her employer's worker's compensation policy, as a result of a physical and sexual assault that occurred at work in 1987. The gravamen of the plaintiff's claims was his allegation that, after Ms. Respess was discharged from a psychiatric hospital, the defendants wrongfully refused to authorize 24-hour

supervised care for her, despite their alleged awareness of the precipitous decline of her psychiatric condition and her long history of mental illness, and thus they were legally responsible for Ms. Respess's suicide.

Pursuant to a motion to dismiss filed by the defendants, the Court dismissed plaintiff's claims in a Memorandum Opinion and Order dated February 25, 2011 (ECF 12 & 13). In the Memorandum Opinion, the Court explained that Maryland law could, under certain factual circumstances, support cognizable claims of intentional infliction of emotional distress, gross negligence, and/or wrongful death against an insurer for refusal to authorize care for a patient, leading to the patient's suicide. However, in my view, the factual allegations of plaintiff's Complaint were woefully insufficient to state such claims.

Until shortly before her suicide, Ms. Respess had been hospitalized at the Sheppard Pratt psychiatric hospital, but was discharged by Sheppard Pratt staff, despite her protestations that she was experiencing suicidal ideation and did not feel she would receive adequate outpatient care. And, Mr. Respess requested discharge to a "step-down" facility. The complaint also alleged that, shortly after Ms. Respess's discharge, her home health nurse concluded that she needed 24-hour supervised care. However, the complaint did not allege that the nurse contacted Ms. Respess's physicians at Sheppard Pratt regarding her assessment of Ms. Respess's condition. Although the complaint alleged that Mr. Respess and a former psychiatrist of Ms. Respess contacted defendants to urge them to authorize 24-hour care of Ms. Respess, the complaint did not reflect whether the psychiatrist actually examined Ms. Respess before contacting the defendants. Moreover, there was no allegation in the complaint that the defendants had refused to authorize care requested by a physician who had actually treated or examined Ms. Respess recently, nor

did the complaint allege that defendants' purpose in denying 24-hour care was to harass Ms. Respess into abandoning her claim or into committing suicide.

In sum, there were no allegations in the complaint that could establish that the defendants' conduct was so extreme and outrageous as to state a claim for intentional infliction of emotional distress. Nor were there allegations to show the egregious and deliberate wantonness required to state a claim of gross negligence. The Court explained that the defendants were not health care providers and, under the facts alleged, had not received a request to authorize 24-hour supervised care from a doctor who had actually examined Ms. Respess. Assuming negligence, as opposed to wanton conduct, any remedy available to plaintiff would emanate exclusively from the Worker's Compensation statute.

Recognizing that the complaint was silent as to facts that potentially could have established cognizable claims, the Court dismissed the complaint, without prejudice, and granted plaintiffs twenty days to file an amended complaint. On March 15, 2011, before the expiration of that twenty-day period, the Court issued an Amended Memorandum Opinion (ECF 14). Although the Amended Memorandum Opinion did not alter the substance of the original Memorandum Opinion, the Court issued an Amended Order (ECF 15), reiterating the dismissal of the complaint, without prejudice, and granting plaintiffs an additional ten days (*i.e.*, until March 25, 2011) to file an amended complaint. That deadline passed with no amended complaint having been filed. Accordingly, on March 28, 2011, the Court issued an Order reiterating the dismissal of the complaint, without prejudice, and directing the Clerk to close the case (ECF 16).

On March 28, 2011, plaintiff's counsel, Michael J. Winkelman, Esq., filed his Motion. Mr. Winkelman represented that "irreconcilable differences have arisen between counsel and the Plaintiff which prevent the undersigned from fairly and impartially representing the Plaintiff in this matter." He also certified that he had complied with the requirement imposed by Local Rule 101.2.a, i.e., that he provided seven days' notice to his client of the intended withdrawal. Moreover, he noted that Mr. Respess himself is a licensed attorney and a member of the Maryland bar.

As noted, the Court granted the Motion on March 29, 2011. On April 5, 2011, Mr. Respess filed his Opposition. He asserts that the "time for filing an Amended Complaint is about to expire."[1] Moreover, he states that the "Statute of Limitations will run on [his] claims on the 10th day of May 2011." In addition, he claims that the "only imagined irreconcilable differences exist only because counsel refuses to communicate with his client," and that it "is impossible to obtain another attorney to take this case with . . . limitations bearing down on this case." In sum, Mr. Respess asserts: "Should counsel be allowed to withdraw without filing an amended complaint, there will not be a case."

The Court will treat Mr. Respess's Opposition as a motion asking the court to reconsider its grant of Mr. Winkelman's Motion. In sum, I granted Mr. Winkelman's Motion because the time for filing an amended complaint under the Amended Order had elapsed, the case had been closed, and Mr. Winkelman certified his compliance with the notice requirement of Local Rule 101.2.a. Upon reconsideration of this ruling in light of Mr. Respess's Opposition, the Court declines to alter that decision, for the reasons that follow.

---

[1] As noted, the time for filing an amended complaint expired on March 25, 2011.

- 4 -

The Federal Rules of Civil Procedure do not regulate appearance of counsel, which is governed by local rules. In this Court, withdrawal of appearance by an attorney for an individual is governed by Local Rule 101.2.a, which provides:

> In the case of an individual, appearance of counsel may be withdrawn *only with leave of Court* and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that a written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying the client either to have new counsel enter an appearance or to advise the Clerk that the client will be proceeding without counsel. If the withdrawal of counsel's appearance is permitted, the Clerk shall notify the party that the party will be deemed to be proceeding *pro se* unless and until new counsel enters an appearance on behalf of the party. (Emphasis added.)

Notably, Mr. Respess does not contend that Mr. Winkelman failed to comply with Local Rule 101.2.a(2).

Although there is scant case law interpreting the local rule, the cases that do exist emphasize that withdrawal by an attorney is not a matter of right, but is subject to leave of court. *See Abbott v. Gordon*, Civ. No. DKC-09-0372, 2010 WL 4183334, at *1 (D. Md. Oct. 25, 2010) ("The decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the district court."); *Lenoir v. Pyles*, 320 F. Supp. 2d 365 (D. Md. 2004) (denying local counsel's motion to withdraw, where out-of-state lead counsel, who had been admitted *pro hac vice*, had been disbarred in his home jurisdiction, and stating: "Local Rule 101.2.a permits withdrawal of counsel *only* with leave of Court.") (emphasis in original); *Roberts v. County Comm'rs of Cecil County*, 906 F. Supp. 304 (D. Md. 1995) (denying motion to withdraw by appointed *pro bono* counsel representing indigent litigant in prisoner civil rights case).

In *Abbott*, Judge Chasanow opined that the Maryland Rules of Professional Conduct ("MRPC"), governing permissive withdrawal, "provide a benchmark for when withdrawal may

- 5 -

be permitted." *Abbott*, 2010 WL 4183334, at *1.[2] The applicable provisions of the MRPC are found in Rule 1.16(b)-(c):

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
>
>> (1) *withdrawal can be accomplished without material adverse effect on the interests of the client*;
>>
>> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>>
>> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>>
>> (4) the client insists upon action or inaction that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>>
>> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>>
>> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>>
>> (7) other good cause for withdrawal exists.
>
> (c) *A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation.* When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation. (Emphasis added.)

Comments 7 and 8 to Rule 1.16 are also relevant. They state:

> [7] A lawyer may withdraw from representation in some circumstances. The lawyer has the option to withdraw *if it can be accomplished without material adverse effect on the client's interests.* Withdrawal is also justified if the client persists in a course of action that the lawyer reasonably believes is criminal or fraudulent, for a lawyer is not required to be associated with such conduct even if the lawyer does not further it. Withdrawal is also permitted if the lawyer's services were misused in the past even if that would materially prejudice the client. The lawyer may also withdraw where the client insists on taking action or inaction that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement. (Emphasis added.)

---

[2] Pursuant to Local Rules 703 and 704, the MRPC apply to lawyers practicing in this Court.

> [8] A lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation.

In *Abbott*, the Court evaluated a motion to withdraw that was opposed by the attorneys' client. The attorneys contended that their withdrawal was "warranted because Plaintiffs have failed to pay for the services rendered and have made it clear they do not intend to pay in the futures." *Abbott*, 2010 WL 4183334, at *2. Citing cases, the *Abbott* Court said: "Courts routinely permit attorney withdrawal where clients fail to pay fees in accordance with the terms of engagement." *Id.* Moreover, it stated: "Where a client's failure to pay fees is accompanied by other manifestations of deterioration in the attorney-client relationship," which was evident on the facts of *Abbott*, "the justification for withdrawal increases." *Id.* at *3. Nevertheless, the Court said: "In all cases, the court must still consider the potential prejudice to all parties involved and the potential disruption to the administration of justice from attorney withdrawal. If there is an impending trial or other key proceeding, failure to pay fees may not justify withdrawal." *Id.* In the circumstances of *Abbott*, where there were "no impending deadlines" and it was "clear that the attorney-client relationship ha[d] broken down," the Court permitted withdrawal. *Id.*

As noted, this case had already concluded when I granted Mr. Winkelman's motion to withdraw. In his Opposition, Mr. Respess does not seek an extension of the time to file an amended complaint. Although Mr. Respess may seek to initiate a new case in this Court or another court of competent jurisdiction, I am not willing to direct the perpetuation of an attorney-client relationship with regard to a case that is not presently before the Court, merely because a plaintiff may later attempt to file another suit.

Moreover, Mr. Respess's claim against defendants is not foreclosed based on the ruling permitting Mr. Winkelman to withdraw, nor is he prejudiced by it. Mr. Respess's suit was dismissed without prejudice, and the statute of limitations has not yet run. Indeed, more than thirty days remain until limitations expires. As Mr. Winkelman observes, Mr. Respess is himself an attorney. He is not, then, entirely unfamiliar with the legal system. Thirty days is sufficient time for Mr. Respess either to draft a new complaint himself, or to retain new counsel to do so, so as to preserve the viability of his claims if there is a good-faith basis for them.

In sum, although the Court recognizes that, "[i]n all cases, the court must . . . consider the potential prejudice to all parties involved and the potential disruption to the administration of justice from attorney withdrawal," *Abbott*, 2010 WL 4183334, at *3, the Court is convinced that Mr. Winkelman's withdrawal at this juncture does not unduly prejudice Mr. Respess.

For the foregoing reasons, the Court shall not disturb its Order permitting Mr. Winkelman to withdraw (ECF 18).


Dated: April 7, 2011         /s/
                             Ellen Lipton Hollander
                             United States District Judge